Mr. David Gaskell Secretary of the Board State Board of Equalization and Assessment
Your counsel has asked whether a county director of real property tax services may also serve as a town assessor in a town outside the county in which the individual serves as county director. (Your counsel has said that the two offices are incompatible if the town is within the county [6 Op Counsel SBEA, No. 39, p 100], a conclusion with which we agree.)
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
We are not aware of any constitutional or statutory prohibition against the simultaneous holding of the offices in question. In preparing tax maps (Real Property Tax Law, § 1532[1][a]), providing advisory appraisals to cities and towns (ibid., par [b]), and advising assessors on procedures for the preparation and maintenance of assessment rolls and other records (ibid., par [c]), the county director of real property tax services exercises supervisory authority over town assessors. We do not, however, anticipate any inconsistency of duties in this instance since the individual would serve as assessor in a town outside the county in which he is county director. A county director's jurisdiction is limited to the county in which he serves (ibid., subd [1]).*
We recognize the delicate situation that could arise if the director of real property tax services in the county in which the assessor serves supervises his county in a manner that the assessor does not think is as good as the supervision he provides in his county. But this is no different from many situations of clashes between supervisor and subordinate. That the situation might exist does not make the two offices incompatible.
We recognize also that there is a question whether one person can adequately carry out the county director's duties of advising town assessors at the time they are preparing their assessment rolls and the town assessor's duty to prepare his own assessment roll in another county. The Ryan case makes it clear, however, that "physical impossibility is not the incompatibility of the common law" (p 304). In that case, the "physical impossibility" was that of an Assemblyman attending sessions in Albany while serving as deputy clerk of the Court of Special Sessions in New York City. The Ryan ruling was that the two offices were not incompatible.
We have noted, however, "that if the duties of one position are so time consuming that the duties of the other position are not properly performed, this might give rise to a proceeding for the removal of the officer under section 36 of the Public Officers Law" (1975 Op Atty Gen [Inf] 312). This section authorizes removal of a town officer for maladministration. If the county director of real property tax services is not properly performing his duties, the appointing authority may either remove or prefer charges against the director depending upon the director's civil service status. (See Real Property Tax Law, §1530[2] and Civil Service Law, § 75[1].)
Even though we are unable to conclude as a matter of strict legal construction that the two offices in question are incompatible, as a matter of prudent policy or judgment it may be deemed inappropriate or inadvisable for one person to hold the two offices. The assessment of real property is a complex task requiring considerable skill. In the rare case of a county with a small number of assessing units with small numbers of like parcels of land and a comparable assessing unit in an adjoining county, it may be possible that one person could adequately supervise the complex tasks of proper assessment and simultaneously assess property in a nearby town. In recent years, the Legislature has taken steps to ensure that real property is properly and professionally assessed throughout the State. (See, particularly, section 1 of chapter 33 of the Laws of 1982.)
* There is one possible circumstance that might give rise to a true conflict. This could occur if a school district straddled the county line so that the town assessor/county director had questions concerning the use of equalization rates to equalize the school tax burden. (See Real Property Tax Law, § 1314, especially subdivision 2.)